J-S50012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID LEO WRIGHT | |
| Appellant | No. 1993 MDA 2015 |

Appeal from the Judgment of Sentence June 29, 2015
in the Court of Common Pleas of York County Criminal Division
at No(s): CP-67-CR-0005644-2014

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED JULY 22, 2016**

Appellant, David Leo Wright, appeals from the judgment of sentence entered in the York County Court of Common Pleas, after he was convicted of burglary,[1] theft by unlawful taking,[2] receiving stolen property,[3] criminal trespass,[4] and two counts of criminal conspiracy.[5]  Appellant contends (1) the verdict was against the weight of the evidence, (2) the trial court erred in allowing details of his prior theft to be considered by the jury, and (3) the trial court's sentence was manifestly excessive.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a)(2).

[2] 18 Pa.C.S. § 3921(a).

[3] 18 Pa.C.S. § 3925(a).

[4] 18 Pa.C.S. § 3503(a)(1)(ii).

[5] 18 Pa.C.S. § 903(a)(1).

On September 29, 2014, the Commonwealth filed a Criminal Information against Appellant charging him with the above crimes. On March 26, 2015, the Commonwealth filed a motion to introduce Appellant's prior bad acts pursuant to Pa.R.E. 404(b).[6] Specifically, the Commonwealth sought to introduce that Appellant pleaded guilty on December 30, 2014, for theft by unlawful taking.[7] Appellant admitted entering Janet Dalton's apartment on the second floor of Dutch Kitchen on May 26, 2014, and removing money without her permission from a drawer. Commonwealth's Pre-Trial Mot., 3/26/15, at 1 (unpaginated). The Commonwealth sought the introduction of the evidence "to prove opportunity, a common scheme or plan, and knowledge." *Id.* at 2. On April 23, 2015, the trial court held a hearing on the Commonwealth's motion before the Honorable Maria Musti

---

[6] Pennsylvania Rule of Evidence 404(b) provides:

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

[7] Appellant pleaded guilty to this crime at docket number CP-67-CR-0004104-2014.

Cook. At the conclusion of the testimony and argument, the trial court granted the Commonwealth's motion concluding, "the evidence does tend to prove a common scheme or plan, intent, or motive, or may do any of those at the time of trial." N.T. Mot. Hr'g., 4/23/15, at 17; **see** Trial Ct. Order, 5/15/15.[8] Specifically, the court found a common scheme that consisted of entering unoccupied apartments of Appellant's hallway neighbors without permission to steal valuables in order to purchase heroin. N.T. Mot. Hr'g. at 17.

On May 11, 2015, the case proceeded to a two-day jury trial. Appellant resided in Room 219 of the Dutch Kitchen Apartments. **See** N.T. Trial, 5/11/15, at 68. On May 26, 2014, sometime between 9:00 a.m. and 10:00 a.m., Appellant, entered Room 201, which had been left unlocked, and stole seven dollars from his neighbor Janet Dalton.[9] **Id.** at 78-79. Rafael Rivera testified that on the morning of May 26, 2014, he visited Appellant at Dutch Kitchen Apartments. **Id.** at 31-32. He testified that he and Appellant were "dope sick" and Appellant instructed him to climb out his window and into the window of the neighboring apartment belonging to Alberto Perez. **Id.** at 32; **see id.** at 34. Appellant claimed he could not go onto the roof himself due to a leg injury. **Id.** at 44. Rivera was unable to

---

[8] We note the order granting the Commonwealth's motion was dated April 23, 2015.

[9] CP-67-CR-0004101-2014. Appellant pleaded guilty to this separate crime on December 30, 2014.

open the neighbor's window, so he returned to Appellant's room. *Id.* at 35-36. Appellant instructed him to place tape over the lens of the surveillance camera in the hallway and to wait by the elevator. *Id.* Rivera testified that he heard "banging, and moments later [Appellant] came out with the TV." *Id.* at 38. Appellant passed Perez's television to Rivera who carried it out of the building. *Id.* at 38. Rivera later sold the television, sharing the proceeds with Appellant in order to buy heroin. *Id.* at 37-38.

Hector Vasquez, the building maintenance man, testified that he responded to an emergency call to Room 220 on May 26, 2014. *Id.* at 48. Upon arrival, Vasquez saw the door had been left partially open, the frame of the door was broken, and "the whole inside jam was all pushed out" despite the dead bolt and bottom lock remaining in the lock position. *Id.* at 49. Vasquez immediately called police, and when they arrived, he entered the room and saw that the flat-screen television, which Vasquez had previously helped Perez to program, was missing. *Id.* at 49-51. Officer Fogelman of the York City Police Department similarly testified as to the state of the doorway after arriving on scene. *Id.* at 57-59. Alberto Perez testified that no one had permission to enter his apartment that day and that "they broke the door." *Id.* at 62.

At trial, the Commonwealth admitted into evidence the surveillance video obtained from the scene. *Id.* at 71. Building manager Gail Stambaugh testified that Appellant can be seen in surveillance footage

earlier that day with his ear to his neighbor's door. *Id.* at 69-70. She also testified that the time-stamp on the video was about twenty-nine minutes slow. *Id.* at 74.

Detective Fetrow of the York City Police Department reviewed building surveillance video. *Id.* at 80-81. He testified that Appellant and Rivera were in the hallway prior to the lens being covered, and minutes later footage showed Rivera walking outside the building with a large white bag resembling the shape of a television. *Id.* at 82. The obstruction to the hallway camera was removed eight seconds prior to the footage of Rivera walking out with the white bag. *Id.* at 84-86.

Detective Fetrow further testified that he investigated the timing of the building's elevator, which is the sole means of going between floors in that part of the building. *Id.* at 84-85. He found that it takes more than thirty seconds to go from the second to the first floor. *Id*. When Detective Fetrow interviewed Appellant, Appellant provided conflicting information and an inconsistent account of the day's events. *Id.* at 85-86. He initially denied stealing from Ms. Dalton, and later admitted to it. *Id.*

Prior to Appellant's testimony, the parties stipulated to Appellant's convictions in 2003 for robbery and in 2014 for theft by unlawful taking as evidence of his *crimen falsi*. *Id.* at 92. As the only witness for the defense, Appellant testified that he met up with Rivera who was seeking heroin. *Id.* at 93-95. He admitted to having been on heroin himself that day, but

claimed no involvement in any of the events surrounding Room 220. ***Id.*** Regarding his conflicting stories during the police investigation, Appellant testified that he played "cat and mouse" with Detective Fetrow. ***Id.*** at 100.

At the conclusion of testimony, Judge Eby instructed the jury concerning Appellant's past convictions. ***Id.*** at 137, 141. Despite Judge Cook's pre-trial determination that the evidence was admissible under Pa.R.E. 404(b) as evidence of a common scheme, Judge Eby issued the following instructions to the jury:

> You must not infer from th[e] evidence of any prior conviction that the Defendant is, therefore, automatically guilty in this case. **The evidence may be considered by you for one purpose only, and that is to help you judge the credibility and weight of the testimony given by the Defendant as a witness in this trial**. In considering the evidence of the Defendant, you may consider the type of the crime that was committed, how long ago it was committed, and how it may affect the likelihood that the Defendant testified truthfully in this case.

***Id.*** at 137 (emphasis added).

Counsel for the Commonwealth immediately approached the bench after the instructions were given and had the following exchange with Judge Eby.

> Attorney Bowser: The prior conviction for the theft by unlawful taking, breaking into Janet's room earlier in the morning can come in as substantive evidence and not just whether or not --

> \* \* \*

- 6 -

The Trial Court: . . . fair enough, but I'm not going to go there. Anything else?

* * *

Attorney Bowser: So they are not going to get an instruction that they can use that evidence?

The Trial Court: That's right. I am going to leave the instructions as they are. . . .

* * *

Attorney Bowser: Okay. Cause I mean we had a full hearing on it. . . . [W]e had a full hearing on that issue, and then that testimony was allowed to come in, and that's --

The Trial Court: The testimony came in.

Attorney Bowser: Right, but now they have just been told that they can't consider that for anything other than his truthfulness.

The Trial Court: His credibility. . .

Attorney Bowser: But not whether or not it was part of a common scheme.

The Trial Court: . . . that's where I'm at.

*Id.* at 141-42.

On May 12, 2015, the jury found Appellant guilty on all counts. On June 29, 2015, the court sentenced Appellant to an aggregate term of three and one-half to seven years' imprisonment. On July 8, 2015, Appellant filed a post-sentence motion challenging, *inter alia*, the weight of the evidence, the sentence, and the admission of his past crimes as evidence at trial. Post-Sentence Mot., 7/8/15, at 3-6 (unpaginated). On October 15, 2015,

the court denied Appellant's post-sentence motion. Regarding Appellant's claim that the verdict was against the weight of the evidence, the court reasoned,

> [t]he Commonwealth buttressed the testimony of Rafael Rivera with objective, corroborating evidence, including videotape depicting [Appellant] leaning in to listen to the doorway of the victim's apartment prior to the break-in and the testimony of Detective Fetrow who established that Rivera could not have acted alone removing the television set from the apartment building while simultaneously removing the piece of tape from the surveillance camera. . . . Given the substantial, credible evidence presented at trial establishing [Appellant's] complicity in the burglary and other offences committed against Alberto Perez, we do not find that the Defendant's claim that the verdicts were against the weight of the evidence compels post-sentence relief.

Trial Ct. Op. at 10.

Appellant timely appealed on November 13, 2015. The court did not order a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b), but Appellant filed one. The court issued a response pursuant to Pa.R.A.P. 1925(a) that referred to the trial court's opinion from October 9, 2015.

On appeal, Appellant raises three issues:

> I. Whether the verdict of guilty was against the weight of the evidence given Rafael Rivera's conflicting statements and disregard of Appellant's testimony?
>
> II. Whether the court erred in allowing specifics of Appellant's prior theft to be considered by the jury?
>
> III. Whether the sentence imposed was manifestly excessive given the mitigating circumstances provided to the court at sentencing?

Appellant's Brief at 5.

First, Appellant argues the verdict was against the weight of the evidence because Rafael Rivera gave inconsistent testimony, which served as the crux of the Commonwealth's case against Appellant.[10] *Id.* at 10-12. Additionally, he argues Gail Stambaugh testified that the time stamp on the surveillance footage was off, which means evidence of the crime's timing could not be relied upon exclusively. *Id.* at 12. We conclude Appellant is not entitled to relief.

In reviewing a claim that a verdict was against the weight of the evidence, our standard is well-settled:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost

---

[10] Appellant specifically argues that Rivera's testimony is inconsistent because Rivera testified that Appellant broke in the door. Appellant contends that "evidence" of his leg injury proves this scenario is "very unlikely." Appellant's Brief at 11. Rivera, however, never claimed in his testimony that Appellant kicked the door. Moreover, the only evidence in the record of Appellant's leg injury are his own claims to witnesses Rafael Rivera and Detective Fetrow. *See* N.T. Trial at 44, 90.

fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore,

> where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Foley***, 38 A.3d 882, 891 (Pa. Super. 2012) (citation and footnote omitted).

Instantly, we conclude the trial court did not abuse its discretion when it denied Appellant's weight claim. ***See id.*** at 891. Contrary to Appellant's claim, the trial court concluded the Commonwealth did not rely on any single testimony or piece of evidence exclusively to present its case against Appellant. ***See*** Trial Ct. Op. at 10. Rather, the Commonwealth presented a number of witnesses and video and photographic evidence, which combined, served to incriminate him. ***See id.*** Therefore, we conclude the trial court properly ruled the verdict did not shock one's sense of justice and denied Appellant's post-sentence motion challenging weight. ***See Foley***, 38 A.3d at 891; Trial Ct. Op., 10/9/15, at 9-10.

Next, Appellant claims that the trial court erred in admitting evidence of his prior theft conviction to the jury.[11] Appellant's Brief at 7. Appellant argues that the facts underlying his previous theft conviction bore minimal resemblance to the instant case, and the admission of this evidence "for a substantive purpose unfairly prejudiced" him. *Id.* at 13.

When reviewing the admissibility of evidence, we use the abuse of discretion standard. *See Commonwealth v. Phillips*, 700 A.2d 1281, 1284 (Pa. Super. 1997). It is well-settled that a mere error of judgment does not constitute an abuse of discretion. *Commonwealth v. Tyson*, 119 A.3d 353, 357-58 (Pa. Super. 2015). Rather, the court's judgment must be "manifestly unreasonable or the result of bias, prejudice, ill will or partiality." *Id.* Moreover, "[t]he law presumes that the jury will follow the instructions of the court." *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1184 (Pa. 2011) (citations omitted).

We find that the record does not support Appellant's claim. Despite the pre-trial hearing on the admissibility of the evidence under Pa.R.E 404(b), the trial court did **not** admit the prior theft conviction as evidence of a common scheme pursuant to Rule 404(b). N.T. Trial at 137. The parties stipulated at trial to the admissibility of the prior theft conviction as it concerned Appellant's *crimen falsi*. *Id.* at 92. Instead, the trial court

---

[11] While two prior convictions were stipulated to at trial, Appellant in his brief only addresses his conviction for stealing from Janet Dalton. CP-67-CR-0004101-2014.

explicitly instructed the jury to consider the evidence only as it relates to Appellant's credibility. *Id.* at 137; *see id.* at 142. We therefore presume the jury considered the conviction in accordance with the trial court's instruction. *See Chmiel*, 30 A.3d at 1184. Thus, this issue fails.

Finally, Appellant contends that his sentence was manifestly excessive. In determining our jurisdiction over such an appeal,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (some citations omitted).

Regarding the requirements for Appellant's brief, this Court has stated that,

> [w]ith respect to such challenges, the Pennsylvania Rules of Appellate Procedure require that:
>
> > An appellant who challenges the discretionary aspects of a sentence in a criminal matter *shall* set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement *shall* immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
>
> Pa.R.A.P. 2119(f) (emphasis added).

- 12 -

> . . . A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.

***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006).

Instantly, Appellant filed a timely notice of appeal, and he preserved his claim in his post sentence motion. ***See*** Post-Sentence Mot., 7/8/15, at 3-4. Appellant, however, has failed to include a Rule 2119(f) statement in his brief and the Commonwealth objected. Commonwealth's Brief at 27; ***see Love***, 896 A.2d at 1287; Appellee's Brief at 29-30. Appellant's brief thus contains a fatal defect, and therefore his claim is waived. ***See Moury***, 992 A.2d at 170. For these reasons, we affirm Appellant's conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016